UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

UNITED STATES OF AMERICA,

    Plaintiff,                                 Case No. 2:12-cr-20052

v.                                         HONORABLE STEPHEN J. MURPHY, III

D-12 DONALD LEE WILSON,

    Defendant.

_____/

**OPINION AND ORDER DENYING DEFENDANT'S**
**MOTION TO MODIFY RESTITUTION AMOUNT [619]**

Donald Wilson pled guilty to structuring financial transactions to evade reporting requirements in violation of 31 U.S.C. § 5324(a)(1) and/or (3). *See* Plea Agreement 1, ECF No. 440. In the Plea Agreement, Wilson admitted that $206,991.42 in tax refunds were deposited into his bank account. *Id.* at 3. The Court ordered Wilson to pay that amount in restitution. *See* Judgment 5, ECF No. 612. Wilson now moves for the Court to reduce that amount. He argues that he only received $173,728.18, and that he wrote checks to others totaling $93,678.42. Thus, he claims to have only benefitted from $80,049.76. The Court will deny the motion.

Under the Mandatory Victim Restitution Act ("MVRA"), the Court must order a defendant to make restitution for certain wrongful acts which are listed in subsection (c) of the MVRA as codified. *See* 18 U.S.C. 3663A(a)(1). Subsection (c)(1) lists the offenses triggering the MVRA's mandatory restitution requirements, and subsection (c)(2) further provides that if a defendant enters a plea agreement that does not result in a conviction for an offense listed in subsection (c)(1), the MVRA still applies if "the plea specifically states

that an offense listed under such paragraph gave rise to the plea agreement." *See* 18 U.S.C. 3663A(c).

Wilson was charged with several offenses under Title 18 but pleaded guilty to only one count: violation of 31 U.S.C. § 5324(a)(1) and/or (3). *See* Plea Agreement 1, ECF No. 440. Because this is not an offense under Title 18, it does not, standing alone, trigger the MVRA. But Wilson also stipulated to committing bank fraud in violation of 18 U.S.C. § 1344, and the fraud gave rise to the structured transactions to which Wilson pleaded guilty. *See id.* at 3. Bank fraud is an offense requiring mandatory restitution under the MVRA. *See United States v. McDaniel*, 398 F.3d 540, 554 (6th Cir. 2005). The MVRA therefore applies to Wilson's structured-transactions conviction pursuant to 18 U.S.C. 3663A(c)(2).

Under the MVRA, the Court must "order restitution to each victim in the full amount of each victim's losses as determined by the court," based upon the victim's actual loss. *See* 18 U.S.C. § 3664(f)(1)(A); *United States v. Simpson*, 538 F.3d 459, 465–66 (6th Cir. 2008). If practicable, the Court must order the return of the property to the owner; otherwise, the Court must order the greater of either (1) the value of the property on the date of the loss, or (2) the value of the property on the date of sentencing, less the value of any part of the property that is returned. 18 U.S.C. § 3663A(b)(1). The Court will only consider a defendant's gain as the measure of loss when the actual loss cannot be reasonably determined. *United States v. Healy*, 553 F. App'x 560, 565 (6th Cir. 2014).

In the Plea Agreement, Wilson admitted that he utilized straw tax filers to fraudulently collect tax refunds. He further admitted that as a result of his tax-fraud scheme, $206,991.42 were deposited into his accounts. Thus, the actual loss is known — $206,991.42 — and there is therefore no need to consider Wilson's relative gain. Because

2:12-cr-20052-SJM-MAR   Doc # 641   Filed 02/07/17   Pg 3 of 3   Pg ID 10440

the Court properly set Wilson's amount of restitution at the amount of actual loss to the victim, the Court will deny his motion.

## ORDER

**WHEREFORE**, it is hereby **ORDERED** that Defendant's Motion to Modify Restitution Amount [619] is **DENIED**.

**SO ORDERED**.

s/Stephen J. Murphy, III
STEPHEN J. MURPHY, III
United States District Judge

Dated: February 7, 2017

I hereby certify that a copy of the foregoing document was served upon the parties and/or counsel of record on February 7, 2017, by electronic and/or ordinary mail.

s/David P. Parker
Case Manager

3